UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SABAL CONSTRUCTION AND
ROOFING, LLC,

    Plaintiff,

v.                                         Case No.:   2:20-cv-989-SPC-KCD

WESTERN WORLD INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**[1]

This insurance case was administratively closed following settlement, pending the filing of a request to reopen the case for further proceedings or for the entry of judgment. Plaintiff now moves to reopen the case because further proceedings are needed concerning an attorney's charging lien filed by Shelton Law PLLC. (Doc. 40). For its part, Shelton Law filed a Motion to Enforce the Charging Lien and to Determine Attorney Fees and Costs (Doc. 41). Because both motions do not comply with the Court's Local Rules they will be denied without prejudice.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

First, Plaintiff did not indicate whether it conferred with Shelton Law before filing the Motion to Reopen. *See* Local Rule 3.01(g). It appears Plaintiff was hopeful it could resolve the charging liens issue without Court intervention because Plaintiff requested time in the Notice of Settlement to confer with Shelton Law and to file a joint status report if they were unable to resolve the issue. (Doc. 38). But without a Local Rule 3.01(g) certification, the Court does not know whether that conferral happened.

Second, Shelton Law's Motion does not comply with Local Rule 1.08 governing typography, does not include a Local Rule 3.01(g) certification, and does not follow the bifurcated procedure of Local Rule 7.01.

Outside the Local Rules, a Motion to Reopen the case is largely unnecessary. The Court will consider whether the case needs to be reopened when deciding the charging liens issue. Plaintiff may argue as much in response to any motion to enforce. The case is administratively closed, but that likely does not preclude the Court from deciding the charging lien issue. *See Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014) ("[A]n administrative closure is not dispositive of finality.").

Finally, before Shelton Law files any renewed motion to enforce, the parties and Shelton Law must file a joint status report. If they are unable to resolve any portion of the charging liens issue, an appropriate motion may be filed. If discrete issues remain as sticking points, the parties should identify

2

those points in the joint status report and the Court may conduct a hearing to avoid further motion practice on this issue.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Reopen Case (Doc. 40) is **DENIED WITHOUT PREJUDICE**.

2. Shelton Law PLLC's Motion to Enforce the Charging Lien and to Determine Attorney Fees and Costs (Doc. 41) is **DENIED WITHOUT PREJUDICE**.

3. The parties and Shelton Law must confer on the charging liens issue and file a joint status report by **July 15, 2022**. If necessary, a motion on any issues that remain to be addressed concerning the attorney's charging lien must be filed by **July 25, 2022**. If nothing is filed, the Court will consider closing this case and entering judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on July 6, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record