UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SABAL CONSTRUCTION AND
ROOFING, LLC,

    Plaintiff,

v.                                            Case No.:   2:20-cv-989-SPC-KCD

WESTERN WORLD INSURANCE
COMPANY,

    Defendant.
                                     /

**ORDER**[1]

This insurance dispute settled but remains open because Plaintiff's former counsel, Shelton Law, moved to enforce a charging lien on the settlement proceeds for payment of the firm's fees and costs incurred before their withdrawal. (Doc. 47). Plaintiff argues the liens are unenforceable because one of Shelton Law's lawyers was ineligible to practice law while this case was pending. (Doc. 48).

The Court had jurisdiction over the underlying dispute through diversity. (Doc. 1). But since Plaintiff's claims settled, there must be an independent jurisdictional basis to adjudicate the charging lien. Diversity

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

jurisdiction is no longer an option, as the amount in controversy is less than $75,000. To resolve the parties' contractual fee dispute, the Court must use its supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. 46 at 10); *Moreno Farms, Inc. v. Tomato Thyme Corp.*, 490 F. App'x 187, 188 (11th Cir. 2012); *Miller v. City of Fort Myers*, 424 F. Supp. 3d 1136, 1152 (M.D. Fla. 2020) (raising supplemental jurisdiction sua sponte).

After review, the Court employs its discretion and declines to exercise supplemental jurisdiction over Shelton Law's fee dispute. 28 U.S.C. § 1367(c)(3) (empowering a district court to decline supplemental jurisdiction after "dismiss[ing] all claims over which it has original jurisdiction"). If the Court must consider the so-called *Gibbs* factors, they do not weigh in favor of keeping the charging lien dispute.[2] *See Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (holding that a district court need not even consider those factors when discharging under § 1367(c)(3)). The *Gibbs* factors follow: "judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together." *Id.* at 161-62.

First, judicial economy weighs against exercising supplemental jurisdiction. Judicial economy is "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th

---

[2] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

Cir. 2002). Sabal argues the charging lien's validity hinges on whether Shelton Law's withdrawal was voluntary because Dale Shelton was ineligible to practice law for a time that the firm represented Sabal. Resolution of Shelton Law's claim would require the Court to analyze and rule on complex ethical issues arising under the Rules Regulating the Florida Bar, including how a lawyer's suspension could apply to other members of the law firm. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 536 (11th Cir. 2015) (reversing the district court's retention of a complex state claim which was "laden with important policy choices").

Second, convenience points to retaining jurisdiction. The Eleventh Circuit has noted, "as far as the parties are concerned, it would be most convenient to try every claim in a single forum." *Id.* at 539.

Third, fairness considerations do not favor jurisdiction here. Each "litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims." *Id.* And Shelton Law will not be deprived of a remedy because it can litigate its claim for breach of contract in state court.

And finally, comity cuts against exercising supplemental jurisdiction. "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Id.* at 539 (quoting *Gibbs*, 383 U.S. at 726). The Court will not usurp the Florida courts'

3

opportunity to decide ethical issues governing Florida lawyers in a contractual fee dispute governed by Florida law.

At bottom, the issue of whether Shelton Law is entitled to attorney's fees is an issue of Florida law, arising from a Florida dispute, best decided in a Florida court. The exercise of supplemental jurisdiction over Shelton Law's claim is not warranted, and in the absence of federal jurisdiction, the charging lien (and the various motions related to it) should be stricken. *See Pharm. Value Mgmt. Sols., Inc. v. Hartman,* No. 8:17-cv-132-EAK-CPT, 2019 WL 5653774, at *4 (M.D. Fla. Oct. 31, 2019) (declining supplemental jurisdiction over charging lien because "parties' rights and obligations with respect to their current fee dispute can be adequately protected and determined in a separate state court proceeding").

Accordingly, it is now **ORDERED**:

1. The Court **DECLINES** to exercise supplemental jurisdiction over Shelton Law's charging lien claim.
2. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 21, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record

4